# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-23223-BLOOM/Louis

RYAN FLOURNOY,

      Plaintiff,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendants Florida Department of Corrections ("FDOC"), John Willis ("Warden Willis" in his official capacity as Warden of the Charlotte Correctional Institution and "Willis" in his individual capacity), Erika McDermott ("McDermott"), and Shannon Milliken's ("Milliken") (collectively, "Defendants") Motion to Dismiss Amended Complaint, ECF No. [24] ("Motion"). Plaintiff filed a response in opposition to the Motion, ECF No. [30] ("Response"), to which Defendants replied, ECF No. [31] ("Reply"). The Court has reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons explained below, Defendants' Motion is granted.

## I. BACKGROUND

Plaintiff initiated this action on June 22, 2019, asserting claims against Defendants under 42 U.S.C. § 1983 and Florida law, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1-2]. On August 2, 2019, Defendants removed this action to federal court, pursuant to 28 U.S.C. § 1441(a). *See generally* ECF No. [1]. Further, on September

24, 2019, Plaintiff filed an Amended Complaint asserting four counts: Count I (Negligence – FDOC); Count II (False Imprisonment – FDOC); Count III (Civil Rights Violation pursuant to 42 U.S.C. § 1983 – Warden Willis);[1] and Count IV (Civil Rights Violation pursuant to § 1983 – Willis, McDermott, and Milliken). ECF No. [19] ("Amended Complaint").

The Amended Complaint details facts regarding two state court criminal cases against Plaintiff. *Id.* ¶¶ 8-11. In case number 09-020587CA10A ("2009 case"), the state court, on August 29, 2013, pronounced that Plaintiff would receive a sentence of 91.8 months in Florida State Prison on each of the two counts alleged, with credit for 374 days for time served. *Id.* ¶ 9. The sentences in the 2009 case were to run concurrently. *Id.* Moreover, the state court's written order indicated that "the composite term of all sentences imposed for the [counts] specified in this order shall run concurrent and co-terminous with . . . [a]ny active sentence being served." *Id.* Additionally, on the same day, in case number 13-004106CF10A ("2013 case"), the state court imposed a sentence of 91.8 months in Florida State Prison on Count I, and 60 months in Florida State Prison on Count II, with the sentences running concurrently. *Id.* ¶ 10. As in the 2009 case, the state court's written order indicated that "the composite term of all sentences imposed for the [counts] specified in this order shall run . . . concurrent and co-terminous with . . . [a]ny active sentence being served." *Id.* The state court, in both its written order and its verbal pronouncement in open court, indicated that the concurrent sentences in the 2013 case would run concurrent and co-terminous with the concurrent sentences in the 2009 case. *Id.* ¶ 17. Thus, the Amended Complaint alleges that, "since both counts of each case were to be served concurrent and co-terminous with the other, per the court's written order and verbal pronouncement, the sentence was 60 months." *Id.*

---

[1] Despite only naming Warden Willis in the heading and body of Count III, in the "wherefore" clause under this Count, Plaintiff requests a judgment against both Warden Willis and FDOC. ECF No. [19] at 7.

Subsequent to Plaintiff's sentencing, an office of FDOC "negligently and improperly calculated Plaintiff's release date. Although Plaintiff was plainly sentenced to only 60 months, the FDOC negligent [sic] and incorrectly interpreted the sentence as being 91.8 months." *Id.* ¶ 12. Upon realizing that he was being incarcerated beyond the 60 months, Plaintiff filed a written grievance on March 20, 2017, explaining that he was being imprisoned beyond the term of his sentence, and this grievance was received by all Defendants. *Id.* ¶ 13. In March 2017 and February 2018, Plaintiff further filed two writs in court, which were also provided to all Defendants. *Id.* Further, upon receiving correspondence from an attorney, which indicated that Plaintiff was being incarcerated beyond the term of his sentence, Defendants processed Plaintiff's immediate release. *Id.* ¶ 15. At the time of his release, Plaintiff had been incarcerated for less than 91.8 months. *Id.*

The Amended Complaint alleges that McDermott and Milliken "had actual knowledge of the FDOC's sentencing error, chose to ignore same, and did not take measures in which they were duty-bound to take upon learning of Plaintiff's wrongful imprisonment." *Id.* ¶ 13. "While the initial sentence miscalculation was error and negligence, once Defendants were placed on notice of the error, their failure to respond or act amounted to intentional misconduct or, at an absolute minimum, deliberate indifference." *Id.* ¶ 14.

In the instant Motion, Defendants seek dismissal of Plaintiff's Amended Complaint, arguing that it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) and that they are entitled to sovereign immunity, quasi-judicial immunity, and/or qualified immunity for the actions challenged in the instant action.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) that requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

In considering Rule 12(b)(6) motions, a court is "limited to the four corners of the complaint." *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). "A court may

consider only the complaint itself and any documents referred to in the complaint which are central to the claims." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)). "However, [a] court may properly consider documents that [a] complaint incorporates by reference and matters of which a court may take judicial notice." *Safeguard Support Servs., LLC v. Nationwide Referral Servs., LLC*, No. 11-61977-CIV, 2011 WL 13217971, at *3 (S.D. Fla. Dec. 15, 2011) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)), *report and recommendation adopted*, No. 11-61977-CV, 2012 WL 13006011, *1 (S.D. Fla. Jan. 11, 2012); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002))); *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (explaining that a document outside the four corners of the complaint may still be considered if "a plaintiff refers to [the] document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss.").

## III. DISCUSSION

In their Motion, Defendants argue that Plaintiff's Amended Complaint should be dismissed with prejudice because it fails to state a claim upon which relief can be granted on any of the counts. Defendants also attach a number of documents to their Motion that they argue are central to Plaintiff's claims and are dispositive here. Further, Defendants argue that the Amended Complaint should also be dismissed because they are entitled to sovereign immunity, quasi-judicial immunity, and/or qualified immunity. Plaintiff, on the other hand, argues that the facts alleged in

the Amended Complaint sufficiently state claims for which relief can be granted on all asserted counts. Likewise, Plaintiff argues that, under the facts of the instant case, Defendants are not entitled to immunity in the instant action. The Court must first address whether it may properly consider the documents Defendants submit alongside their Motion, which are outside of the four corners of the Amended Complaint.

## A. Extrinsic Sentencing Documents

Appended to Defendants' Motion are the written judgments and sentences in Plaintiff's 2009 case and 2013 case, a transcript of the state court sentencing proceedings on Plaintiff's plea agreement, and Plaintiff's signed plea agreement, among others. Defendants argue that the Court should consider these documents because they are central to Plaintiff's claims and are referenced throughout the Amended Complaint. Plaintiff does not challenge the authenticity of these documents or their introduction at the motion-to-dismiss stage. Instead, Plaintiff states that, at most, the introduction of these sentencing documents, and Defendants' interpretation of these documents, creates a factual dispute as to their plain meaning. In his Response, Plaintiff nonetheless relies on these documents to support his arguments against dismissal.

As the Court of Appeals for the Eleventh Circuit has explained, a "court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley*, 304 F.3d at 1134). "Regarding centrality, courts have found attached documents to be 'central' where they are at the very heart of the plaintiff's claim," *Int'l Bhd. of Teamsters v. Amerijet Int'l, Inc.*, 932 F. Supp. 2d 1336, 1344 (S.D. Fla. 2013), because "the plaintiff would have to offer the document to prove his case," *Lockwood v. Beasley*, 211 F. App'x 873, 877 (11th Cir. 2006). A document is "undisputed" where

"the authenticity of the document is not challenged." *Day*, 400 F.3d at 1276. Moreover, the Eleventh Circuit has adopted the "incorporation by reference" doctrine, under which "a document need not be physically attached to a pleading[;] . . . if the document's contents are alleged in a complaint and no party questions those contents, [a court] may consider such a document provided it meets the centrality requirement." *Id.* (citing *Horsley*, 304 F.3d at 1134; *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999)).

Plaintiff's Amended Complaint explicitly refers to the written state court judgments in his 2009 case and his 2013 case, ECF No. [19] ¶¶ 8, 9, 10, 17; the state court's oral pronouncements when sentencing Plaintiff, *id.* ¶¶ 10, 11, 17; and his plea agreement in the state court cases, *id.* ¶ 17. Moreover, Plaintiff would have to provide these documents in order to prove all of the claims asserted in the instant action. *See Lockwood*, 211 F. App'x at 877. Thus, the written judgments, the transcript of the state court's sentencing proceedings, and the plea agreement are central to Plaintiff's claims. Likewise, in his Response, Plaintiff does not dispute the contents or authenticity of the documents Defendants append to their Motion. *See Day*, 400 F.3d at 1276. Thus, the Court will consider these documents in addressing Defendants' Motion because they are central to Plaintiff's claims and the authenticity of these documents are not in dispute.

**B.  Sufficiency of the Allegations**

Having determined that it may properly consider the documents Defendants attach to their Motion, the Court now turns to the substantive arguments raised in the Motion. Defendants first argue that the allegations in the Amended Complaint are directly contradicted by the judgment, the sentencing transcript, and the plea agreement. These documents, Defendants argue, conclusively establish that Plaintiff was not wrongfully incarcerated beyond the term of his

sentence. Thus, Defendants contend that dismissal is justified, based on the face of Plaintiff's Amended Complaint. Plaintiff, however, takes the contrary position.

The Florida Supreme Court has repeatedly held that "a court's oral pronouncement of a sentence controls over the written sentencing document." *Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007) (citing *Ashley v. State*, 850 So. 2d 1265, 1268 (Fla. 2003); *Justice v. State*, 674 So. 2d 123, 126 (Fla. 1996)). "[B]ecause [a] written sentence is merely a record of the actual sentence pronounced in open court," where discrepancies exist between a court's oral pronouncement and the written sentence, such oral sentencing pronouncements should control. *Kelly v. State*, 414 So. 2d 1117, 1118 (Fla. 4th DCA 1982).

The Florida Supreme Court has also explained that "[t]he word 'concurrently' simply means 'at the same time,' and by imposing sentences to be served concurrently, a trial court is permitting a defendant to serve multiple sentences at the same time." *State v. Rabedeau*, 2 So. 3d 191, 193 (Fla. 2009). "Concurrent sentences do not necessarily begin at the same time, and unless they are ordered to be coterminous, they will expire on different dates." *Daffin v. State*, 31 So. 3d 867, 870 (Fla. 1st DCA 2010) (citing *Llerena v. State*, 953 So. 2d 31, 33 (Fla. 3d DCA 2007)). "A coterminous sentence is a sentence that runs concurrently with another sentence and is ordered to terminate simultaneously with the other sentence." *Whitfield v. State*, 95 So. 3d 964, 965 n.3 (Fla. 5th DCA 2012) (citing *Madden v. State*, 535 So. 2d 636, 637 n.1 (Fla. 5th DCA 1988)). A court's explicit imposition of a co-terminous sentence cannot "be treated as 'surplusage' in the sentencing order." *Moore v. Pearson*, 789 So. 2d 316, 319 (Fla. 2001). Further, "a coterminous sentence is a sentencing decision in which a court exercises its discretion to mitigate a defendant's sentence." *Id.*; *see id.* at 319 & n.6 (explaining that the imposition of a co-terminous sentence is a discretionary, mitigating sentencing decision ordering that a defendant's sentence end

simultaneously with another *shorter* sentence); *Jefferson v. Florida Parole Comm'n*, 982 So. 2d 743, 745 (Fla. 2d DCA 2008) (explaining that it would be "incongruous" to designate a shorter sentence as coterminous with a longer sentence). "As recognized by the *Jefferson* court, it makes no sense to order a shorter sentence to run coterminous with a longer sentence because the shorter sentence will in fact end first irrespective of the designation — which means that the two sentences will not end simultaneously." *Whitfield*, 95 So. 3d at 965.

The written judgment on the 2013 case attached to Defendants' Motion indicates that, on Count I, Plaintiff was sentenced to a term of 91.8 months and this sentence shall run "concurrent with . . . the sentence set forth in Count 2 of this case." ECF No. [24-2] at 3, 5. The written judgment also states that, on Count II, Plaintiff was sentenced to a term of 60 months and this sentence shall run "concurrent with . . . the sentence set forth in Count 2 of this case." *Id.* at 6, 8. Additionally, the written judgment contains the following provision: "It is further ordered that the composite term of all sentences imposed for the [counts] specified in this order shall run . . . concurrent and co-terminous with . . . [a]ny active sentence being served." *Id.* at 8.

Similarly, in the transcript of the state court sentencing proceedings, the court specifically noted that "[t]his is a negotiated resolution which calls for an adjudication and 91.8 months Florida State Prison with credit 374 days time served on both cases by agreement. And so they are concurrent and coterminous." ECF No. [24-4] at 10:8-11. Moreover, in its oral pronouncement on the 2013 case, the state court explained, "in Count I the Court will find you guilty, adjudicate you to be guilty and sentence you to 91.8 months Florida State Prison, credit for 374 days already served by agreement. Concurrent and coterminous to [the 2009 case]." *Id.* at 16:3-9. Further, in its sentencing pronouncement, the state court also indicated that, "[a]s to Count II, the Court will find

you guilty, adjudicate you to be guilty and sentence you to 60 months Florida State Prison on that count, concurrent with Count I. And you will have credit for 374 already served." *Id.* at 17:3-7.

Finally, the plea agreement on the 2013 case, which is signed and initialed by Plaintiff, includes a provision that states "I understand that if the Court accepts my plea to the charge(s) listed above, my sentence will be: Adj + 91.8m FSP f/b 3yr P concurrent & coterminous [with the 2009 case]." ECF No. [24-5] at 1. The provision regarding the sentence to be imposed upon the state court's acceptance of the plea agreement is initialed by Plaintiff. *Id.*

Defendants argue that these exhibits clearly contradict Plaintiff's interpretation that he was sentenced to a term of 60 months. Defendants explain that the judgment in the 2013 case does not order that the sentences imposed in Counts I and II shall run "concurrent and co-terminous with" each other. Rather, the "composite term of all sentences imposed" in the 2013 case shall run concurrent and co-terminous with any active sentences being served. ECF No. [24-2] at 8. Defendants therefore contend that the phrase "composite term of all sentences imposed for the [2013 case] counts" forecloses Plaintiff's allegations that the 60-month sentence for Count II was to run concurrent and co-terminous with the 91.8-month sentence for Count I. Moreover, Defendants submit that the transcript of the state court's sentencing pronouncement and Plaintiff's plea agreement further buttresses their position. *See generally* ECF No. [24-4]; ECF No. [24-5] at 1. Given that the sentencing documents directly contradict Plaintiff's allegations of wrongful imprisonment, Defendants argue that Plaintiff's Amended Complaint should be dismissed.

Plaintiff, however, asserts that, even with the extrinsic documents, he has sufficiently alleged his claims for relief. Specifically, Plaintiff contends that the state court's express inclusion of "co-terminous" in its written judgment indicates an intent to mitigate Plaintiff's sentence and limit his term of incarceration to 60 months. Plaintiff argues that any alternative interpretation

regarding the length of his sentence would contravene Florida law and render the state court's inclusion of the term "co-terminous" meaningless surplusage.

Ultimately, each count of Plaintiff's Amended Complaint is, at its core, premised upon Defendants' alleged wrongful incarceration of Plaintiff beyond the term of his sentence, which Plaintiff contends was a sentence of 60 months. However, a close examination of the written judgments, the transcript of the sentencing proceedings, and the plea agreement, clearly indicate that Plaintiff's term of imprisonment for both of his state court cases was 91.8 months, not 60 months as Plaintiff alleges.

First, Defendants correctly note that both the state court's oral sentencing pronouncement and Plaintiff's signed plea agreement explicitly expressed that Plaintiff's sentence was for a term of 91.8 months. ECF No. [24-4] at 10:8-11 ("This is a negotiated resolution which calls for an adjudication and 91.8 months Florida State Prison with credit 374 days time served on both cases by agreement. And so they are concurrent and coterminous."); ECF No. [24-5] at 1 ("I understand that if the Court accepts my plea to the charge(s) listed above, my sentence will be: Adj + 91.8m FSP f/b 3yr P concurrent & coterminous [with the 2009 case]."). Likewise, Plaintiff misreads the written judgment, as it relates to the concurrent and co-terminous sentences. The written judgment for Plaintiff's 2013 case indicates that the sentences imposed for Counts I and II were to run concurrent with each other. ECF No. [24-2] at 5, 8. Nothing within the judgment in the 2013 case supports the notion that the sentences imposed in Counts I and II were also co-terminous. Further, the *composite term of all sentences imposed for the counts specified* in the 2013 judgment were to run concurrent and co-terminous with the sentence imposed in the 2009 case. ECF No. [24-2] at 8. Thus, understanding the composite sentence in the 2013 case is critical here. Pursuant to the written judgment in the 2013 case, the 91.8 months imposed on Count I and the 60 months imposed

on Count II were to run concurrently, which results in a composite sentence of 91.8 months in the 2013 case. *See id.* In addition, it is this 91.8-month composite sentence that was to run concurrent and co-terminous with the composite sentence imposed in the 2009 case. *See id.* Rather than treating the "co-terminous" language as surplusage, as Plaintiff argues, this reading of the sentencing documents is consistent with the state court's clear intent to ensure that the sentences in both cases concluded at the same time. Accordingly, the judgment, the state court's oral pronouncement, and Plaintiff's plea agreement all establish that Plaintiff was sentenced to a term of 91.8 months.

Plaintiff also cites to *Thomas v. State* for the proposition that the mere inclusion of the word "co-terminous" in sentencing documents results in the shortest sentence period controlling. 921 So. 2d 657 (Fla. 2d DCA 2006). The Court, however, finds that *Thomas* is distinguishable from the instant case because in *Thomas*, the record clearly established that the trial court ordered the sentences imposed on the defendant on four separate cases to all run concurrent and co-terminous with one another. *Id.* at 659. Notably, in *Thomas*, "[e]very sentence on all four cases was to run concurrent with each other, and the court stated, 'they will all be co-terminous.'" *Id.* Likewise, the written sentencing documents for each case detailed that the sentence imposed was to run concurrent with the sentences imposed in the other cases followed by the words "AND CO-TERMINUS [sic]." *Id.* In addition, the plea agreement itself included a provision that "[a]ll sentences will be co-terminus [sic]." *Id.* at 658. Based on the record before the court in *Thomas*, which clearly indicated that the trial court intended all sentences imposed to be co-terminous, it ultimately held that the defendant's sentence was limited to the shortest term imposed. *Id.* at 660.

In the instant case, the state court's oral pronouncement as to the sentences running co-terminously with one another was much narrower in scope than the pronouncement in *Thomas*.

The state court did not express that the sentence imposed for Count II of the 2013 case was to run concurrent and co-terminous to the sentence imposed in Count I. Instead, the state court clearly indicated that the sentence on Count I of the 2013 case was to run concurrent and co-terminous with the sentence in the 2009 case, but did not include a similar designation on Count II. ECF No. [24-4] at 16:3-10, 17:3-7. Further, the trial court stated that the ultimate sentence imposed was for a term of 91.8 months. *Id.* at 10:8-11. Likewise, as discussed above, the plea agreement also noted that the agreed sentence was for a term of 91.8 months. ECF No. [24-5] at 1. Additionally, the written judgment in the 2013 case plainly orders that the "composite" sentence runs concurrent and co-terminous with the sentence in the 2009 case, but it includes no such "co-terminous" language in noting that the sentences in Counts I and II were to run concurrent with one another. ECF No. [24-2] at 5, 8. The facts of the instant case, and the much narrower application of "co-terminous" to the sentences imposed, are plainly distinguishable from those in *Thomas*. As such, the Court concludes that *Thomas* is inopposite.

Moreover, these sentencing documents clearly contradict the allegations in Plaintiff's Amended Complaint that he was sentenced to a term of 60 months.

> [This Court's] duty to accept the facts in the complaint as true does not require [it] to ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern. *See Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." (citation omitted)); [*Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940)] ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control.").

*Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007).

Even reading Plaintiff's Amended Complaint in the most favorable light to Plaintiff and making all reasonable inferences in his favor, the Court concludes that Plaintiff cannot state a plausible claim for his entitlement to relief in the instant case. The sentencing documents plainly establish that Plaintiff was not wrongfully imprisoned beyond the term of his 91.8-month sentence. Based on the conclusion that Plaintiff was sentenced to a total term of 91.8 months for both of his state court cases, the claims in the Amended Complaint — all of which are premised on the alleged unlawful imprisonment beyond his purported 60-month sentence — must necessarily fail. Accordingly, the Court concludes that dismissal is warranted here. Moreover, given that the issue of the sufficiency of Plaintiff's allegations is dispositive, the Court need not address the remaining immunity arguments presented in Defendants' Motion.

"A district court, before dismissing a complaint with prejudice because of a mere pleading defect, ordinarily must give a plaintiff one opportunity to amend the complaint and to cure the pleading defect." *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000) (citing *Isbrandtsen Marine Servs., Inc. v. M/V INAGUA Tania*, 93 F.3d 728, 734 (11th Cir. 1996)). However, leave to amend need not be given if amendment would be futile. *See Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss."); *Aguilar v. United Floor Crew, Inc.*, No. 14-cv-61605, 2014 WL 6751663, at *2 (S.D. Fla. Dec. 1, 2014) (same). Based on the analysis above, the Court concludes that permitting any further amendment would be futile in this case, where it is clear that Plaintiff cannot cure the deficiencies in his Amended Complaint because he cannot establish that he was wrongfully incarcerated beyond the term of his sentence.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion, **ECF No. [24]**, is **GRANTED**.

2. The above-styled case is **DISMISSED WITH PREJUDICE**.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 30, 2019.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record